FILED

2014 MAY -5 PM 2:05

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

PAULINE BURKHART et al.,

    Plaintiffs,

vs.

R.J. REYNOLDS TOBACCO CO. et al.,

    Defendants.

Case No.: 3:09-cv-10727-WGY-HTS

**ORDER**

    This is a follow-on case to a state court class action against several tobacco companies arising out of smoking-related diseases. The undersigned has been assigned to conduct the trial in this case. The Court recently ruled on five Motions in Limine (ECF Nos. 32–35, 40). Defendants have now asked the Court to reconsider two of its rulings.

    First, Defendants ask the Court to reconsider its decision that Defendants may not ask the jury to assign 100% of the fault to Pauline Burkhart. The Court declines to reconsider. Defendants may escape liability if they can convince the jury that their fault, however, large or small, was not a legal cause of Pauline's injuries, but they may not argue they have 0% fault. That issue is res judicata. The Court agrees that fault and liability are distinct. Defendants' fault (to some degree) cannot be relitigated, but ultimate liability is still open. The Court respectfully

disagrees with any prior decisions by other judges finding that because liability must be separately proved by each plaintiff in these cases, that Defendants may argue they were not at fault. That conclusion ignores the distinction between fault and liability. And no previous court appears to have come to such a conclusion, in any case, as Defendants argue.

For example, Judge Corrigan stated in one opinion that "[a]ssuming the jury finds Defendants liable, it might still return a zero award on the basis of Mrs. Waggoner's comparative fault." *Waggoner v. R.J. Reynolds Tobacco Co.*, 835 F. Supp. 2d 1244, 1274 (M.D. Fla. 2011). That argument was made as a part of many arguments rejecting the defendants' position that the application of issue preclusion based upon *Engle* violated their due process rights. The issue was not litigated in the context of jury instructions. And it's wrong anyway, as stated. A better way to state it would be, "The jury may return a zero award if Defendants' fault, whatever it is, was not a legal cause of any injury to Plaintiff." If Judge Corrigan had been confronting the precise issue here, he likely would have chosen his words differently. He surely would not have permitted Defendants to avoid the preclusive effect of *Engle III*, which he *upheld* in the very order Defendants cite. *See id.* at 1279. It would be inconsistent to permit a jury to conclude that Defendants were 0% at fault when the *Engle* court found them to have been negligent and strictly liable. The fault of Defendants as to a negligence or strict liability claim has been litigated. Only comparative fault, causation and damages remains.

Judge Young's previous order is not to the contrary. Defendants simply point out that Judge Young has correctly recognized that fault and liability are not synonymous. No. 3:09-cv-10036, 2013 WL 6152364, at *6 (M.D. Fla. 2013). Judge Young addressed the issue in the context of a jury verdict that determined the defendants in that case had been a legal cause of

some injury but that the plaintiff was 100% at fault for it comparatively. Judge Young correctly noted that such a state of affairs is possible—for example, a person might legally cause an event to occur without having acted wrongfully. See id. Judge Young did not face the question of whether the defendants could argue 0% fault to the jury. That ship had sailed. The verdict was in. Here, the verdict is not in, and although it is possible for a defendant to be 0% at fault while having been the legal cause of some event, it is totally within the trial court's discretion to craft the jury instructions and verdict form to avoid such a verdict in a case such as the present one where the issue of Defendants' fault is partially precluded, i.e., they can argue any percentage of fault but zero.

Second, Defendants ask the Court to reconsider its decision to preclude Defendants from arguing that Plaintiff is not a class member if she, despite being addicted to cigarettes containing nicotine, chose to smoke for other reasons. See *Lorillard Tobacco Co. v. Mrozek*, 106 So. 3d 479, 480–81 (Fla. Dist. Ct. App. 2012) (quoting *Engle*, 945 So. 2d at 1256) ("The Engle class was defined as all Florida 'citizens and residents, and their survivors, who have suffered, presently suffer or who have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine.'") Defendants cite to *Philip Morris USA Inc. v. Douglas* for the proposition that "proving class membership often hinges on the contested issue of whether the plaintiff smoked cigarettes because of addiction or for some other reason (like the reasons of stress relief, enjoyment of cigarettes, and weight control argued below." 110 So. 3d 419, 431–32 (Fla. 2013). But the *Douglas* Court did not even mention *Mrozek* in passing, which is a bit strange if it meant to overrule any of *Mrozek*'s holdings. *Douglas* had nothing to do with the present issue. The *Douglas* Court simply certified that the application of the *Engle* findings did

3 of 5

not violate a defendant's due process rights. In rejecting arguments that the application of the *Engle* findings arbitrarily deprived defendants of their due process rights, the *Douglas* Court made the above-quoted statement of dicta. Defendants adduce no authority contrary to *Mrozek*, which is binding, except for another case from another panel of the same court, *Philip Morris USA Inc. v. Allen*, 116 So. 3d 467 (Fla. Dist. Ct. App. 2013). The *Allen* court mentioned *Mrozek* only in a footnote, stating:

> While our decision in *Lorillard Tobacco Co. v. Mrozek*, 106 So. 3d 479, 480 (Fla. 1st DCA 2012), might be read to suggest otherwise, where we held that "class definition requires only that the smoker is/was addicted to cigarettes containing nicotine, and contracted or died from a disease caused by cigarette smoking," *id.*, we emphasized in the opinion that the "addiction causation" issue was undisputed, as evidenced by the trial court's entry of a partial summary judgment on that point. Regarding the addicted decedent's continued smoking after learning of the "deleterious health effects" of cigarettes in *Mrozek*, we considered that fact to raise "a question of comparative fault, and thus, of liability to be determined at trial," as indicated by the jury's finding the decedent to be thirty-five percent responsible for her death. *Id.*

*Id.* at 471 n.4.

Even if the Court were to permit Defendants to argue that Plaintiff is not a class member if her injuries were not proximately caused by her addiction, this would add nothing to the defense. If the jury believes that any injuries sustained were not caused by addiction to cigarettes, Plaintiffs will take nothing. It doesn't matter on which line of the verdict form the jury reaches this ultimate conclusion. And that is all the *Allen* court ultimately held. The *Allen* trial court had granted the plaintiff in that case a directed verdict on class membership, without permitting the defendants to argue legal causation of injuries to the jury, whether characterized as class membership or a separate issue of causation. *See id.* at 469. The point is, causation has to be proved. The Court intends to ask the jury whether addiction to cigarettes containing

nicotine was a legal cause of Pauline's injuries, right after asking if she was addicted, and right before asking about comparative fault.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 81) is DENIED.

IT IS SO ORDERED.

Dated this 5th day of May, 2014.

                              _____
                              ROBERT C. JONES
                              United States District Judge